CONFESSION OF ERROR
 

 ROTHENBERG, J.
 

 The defendant, Edward Alexander Navarro, was charged by Information with conspiracy to commit cargo theft over $50,000, a second degree felony; solicitation to commit cargo theft over $50,000, a second degree felony; and conspiracy to deal in stolen property, a third degree felony. The defendant moved to dismiss the Information, asserting that based on the allegations in the Information, the prosecution was commenced beyond the three-year statute of limitations set forth in section 775.15(2)(b), Florida Statutes (2004).
 

 In response, the State argued that the five-year statute of limitations set forth in section 812.035(10) was applicable because it was more specific than the general three-year statute of limitations in section 775.15(2)(b). Section 812.035(10) provides that “a criminal ... action or proceeding under ss. 812.012-812.037 or s. 812.081 may be commenced at any time within 5 years after the cause of action accrues.” The State reasoned that because section 812.014(2)(a)2 pertains to the theft of cargo valued at $50,000 or more, and section 812.019(1) pertains to dealing in stolen property, the five-year statute of limitations is applicable.
 

 The trial court denied the defendant’s motion to dismiss. Thereafter, the defendant pled guilty to conspiracy to deal in stolen property, reserving his right to appeal the denial of his motion to dismiss, and the State dismissed the two remaining counts. The defendant’s appeal followed.
 

 Based upon the State’s proper confession of error, we find that the five-year statute of limitations in section 812.035(10) is inapplicable. Even though the language of section 812.035(10) encompasses the substantive offenses of dealing in stolen property and cargo theft over $50,000, it does not encompass the offenses of
 
 conspiracy
 
 to deal in stolen property or the
 
 solicitation
 
 and/or
 
 conspiracy
 
 to commit cargo theft over $50,000. Rather, as the parties acknowledge, the conspiracy and solicitation charges are violations of section 777.04, which pertains to “Attempts, solicitation, and conspiracy.” Therefore, as the Information was filed beyond the applicable three-year limitations period set forth in section 775.15(2)(b), we reverse the defendant’s conviction and sentence.
 

 Reversed.